Ruffin, C. J.
 

 The Court does not concur in the directions to the jury. The defendant is entitled to have his words fairly construed, so as to ascertain his real meaning, and the statute must stand as a bar, unless his language be such as, without straining, imports a willingness and intention thereb3r to assume the debt, or amounts to an unequivocal acknowledgement of i's subsistence and obligation. Here it was supposed by his Honor, that the defendant proposed to pay the debt, and that the requisite acknowledgement was to be implied from the proposal. But, there was in truth no such proposal. The defendant, upon being pressed by the plaintiff to adjust the dispute about this demand, only enquired, whether the plaintiff would take notes on other people instead of his, which is very different from directly proposing payment in that mannor, since his willingness to settle the controversy in that way might depend much on the value of the securities to be
 
 *449
 
 transferee!, and his liabilitj’ on them Hence where the plaintiff said, they must be good, the defendant proceeded no farther in making either an enquiry or proposal. If, however, there had been a distinct proposal to give the plaintiff particular notes or judgments, the requisite promise or acknowledgement could not be inferred therefrom, by itself, for that would convert an offer to pay in notes ora horse into a promise to pay in cash, though so very different, since an offer to pay in notes, like one to give a smaller sum than the alleged debt, is rather a proposal of compromise than assuming the debt anew, which brings the case within that of
 
 Wolf
 
 v.
 
 Fleming,
 
 1 Ire. 290.
 

 Per Curiam. Judgment reversed
 
 and venire de
 
 novo,